UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM BEYERS individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>CONSOLIDATED INSURANCE COMPANY, and LIBERTY MUTUAL AGENCY CORP,<br><br>      Defendants. | Case No. 1:19-cv-01601-TWP-DLP |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed by Defendants Consolidated Insurance Company ("Consolidated") and Liberty Mutual Agency Corp ("Liberty") pursuant to Federal Rule of Civil Procedure 12(b)(6). (Filing No. 76.) Plaintiff William Beyers ("Beyers") initiated this action after he was unsatisfied with the monetary amount his insurer offered to satisfy a claim under his homeowner's insurance policy. Beyers filed a class action Second Amended Complaint against insurer, Consolidated, and its parent corporation, Liberty, alleging breach of contract. (Filing No. 74.) Defendants move to dismiss the claim against Liberty only, arguing Liberty cannot be held liable for the acts of its subsidiary. For the following reasons, the Motion to Dismiss is **denied**.

### I.  BACKGROUND

The following facts are not necessarily objectively true, but as required when reviewing a motion to dismiss, the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of Beyers as the non-movant. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Liberty is an insurance provider incorporated in Delaware with its principal place of business in Boston, Massachusetts. ([Filing No. 74 at 1](#).) Consolidated, incorporated in Indiana but also headquartered in Boston, is a wholly-owned subsidiary of Liberty. *Id.* at 2. Consolidated is a mere instrumentality and alter ego of Liberty. *Id.* The two companies share common ownership of stock, common officers and directors, a common marketing image, common use of the trademark/logos and service marks, common use of employees, an integrated sales system, and interchange of managerial and supervisory personnel. *Id.* Consolidated and Liberty participate in an insurance pooling arrangement by which premiums, losses, and underwriting expenses are shared by pool participants. *Id.* Liberty supervised, directed, and controlled Consolidated, including its formulation of guidelines and policies for handling, adjustment, and payment of claims. *Id.*

The remaining facts alleged in Beyers' Second Amended Complaint are largely immaterial to Liberty's Motion to Dismiss; thus, the Court will provide only a short summary. Beyers was the holder of an insurance contract whereby Liberty agreed to insure his home against property damage. *Id.* at 3. Beyers incurred a loss to the insured home due to hail damage on April 26, 2017, and made a claim on his policy to recover for those damages. *Id.* Liberty and Consolidated offered payment in an amount Beyers deemed to be insufficient. *Id.* at 5. Beyers has identified four categories of costs he alleges the Defendants failed to account for in their damages estimate: (1) overhead and profit, (2) removal costs, (3) starter strip, and (4) cost of replacement shingles. *Id.* at 7-11. Beyers seeks to certify four classes, one each for Indiana-based Liberty policyholders who were not paid one of these four costs on a claim in the last two years. *Id.* at 11-28. Because the only issue raised in Liberty's Motion to Dismiss is its potential liability as Consolidated's parent corporation, the Court need not delve into the specifics of these categories of costs.

On behalf of each of these four classes, Beyers alleges breach of contract against Liberty and Consolidated. *Id.* at 28. Beyers filed the original Complaint on April 22, 2019, and asserted claims only against Liberty Mutual Insurance. (Filing No. 1.) However, Beyers' policy of insurance attached to the Complaint states the policy was issued by Consolidated. (Filing No. 1-2 at 3.) After counsel for Consolidated advised Beyers' counsel that "Liberty Mutual Insurance" is a nonentity trade name and did not issue the policy underlying Beyers' claims, Beyers moved to amend the Complaint to add Consolidated and Liberty as defendants. (Filing No. 22.) Liberty Mutual Insurance, defendant in the original Complaint, filed an opposition to Beyers' motion to amend arguing that leave to file the proposed amended complaint should be denied because Beyers failed to allege facts to support a plausible basis for Liberty's liability. (Filing No. 25.) Because of an upcoming deadline to respond to the original Complaint, Liberty requested and the Court granted an extension of time to respond of 14 days after the Court rules on Beyers' Motion to Amend. (Filing No. 26.)

However, before the Court ruled on Beyers' Motion to Amend, Beyers filed another motion, this one to withdraw his motion to amend, and then simultaneously filed an Amended Complaint without waiting for a decision on his motion to withdraw or motion to amend. (Filing No. 27; Filing No. 28.) The Court allowed Beyers' Motion to withdraw his motion to amend. (Filing No. 37.) Liberty filed a Motion to Dismiss in response to Beyers' Amended Complaint. (Filing No. 33.)

On February 27, 2020, after moving to amend again, Beyers filed a Second Amended Complaint asserting the same basis for naming Liberty as a party to this lawsuit. (Filing No. 74.) In his Second Motion to Amend Complaint, Beyers alleges, "Plaintiff has not made any material changes to his Second Amended Complaint which would impact this Court's analysis on the

pending Motion to Dismiss filed by the Defendants to dismiss claims against alleged Defendant, Liberty Mutual Agency Corporation (sic)." (Filing No. 70 at 2.) In response, Liberty filed a second Motion to Dismiss, renewing the arguments it had made in its first motion that, as Consolidated's parent corporation, there is no legal basis to hold it liable on a claim issued by Consolidated. Beyers' First Amended Complaint and Second Amended Complaint contain identical allegations related to Liberty's status as Consolidated's parent, and Liberty's first and second Motions to Dismiss contain identical arguments in opposition. Thus, the Court **denies as moot** Liberty's Motion to Dismiss the Amended Complaint. (Filing No. 33.) The Second Amended Complaint is the operative complaint. Thus, the Court considers Liberty's Motion to Dismiss the Second Amended Complaint.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski*, 550 F.3d at 633. However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581

F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

The issue before the Court is whether Beyers' Second Amended Complaint alleges sufficient facts that would allow the Court, if it ultimately ruled in Beyers' favor, to assess liability against Liberty. Because Beyers "failed to allege facts sufficient to show that the corporate form was ignored, and also that the misuse of the corporate form sanctioned a fraud or caused harm" to it, Liberty argues that it cannot be held liable for the acts of its subsidiary. (Filing No. 77 at 1.) Beyers responds that his Second Amended Complaint alleges that Liberty directly participated in Consolidated's wrongdoing or that Consolidated is an instrumentality or alter ego of Liberty, and those allegations are sufficient to for liability against Liberty if Beyers ultimately succeeds on the merits. (Filing No. 82.)

The Court exercises diversity jurisdiction in this matter and applies Indiana law to substantive disputes. The general rule in Indiana "is that a corporation will not be held liable for the acts of its subsidiaries." *Ayers v. Marathon Ashland Petroleum LLC*, 2007 WL 42975 at *5 (S.D. Ind. Jan. 4, 2007) (citing *Greater Hammond Cmty. Scvs., Inc. v. Mutka*, 735 N.E.2d 780, 784 (Ind. 2000)). However, the legal fiction of a corporation may be disregarded "where one

corporation is so organized and controlled and its affairs so conducted that it is a mere instrumentality or adjunct of another corporation." *Smith v. McLeod Distrib., Inc.*, 744 N.E.2d 459, 462 (Ind. Ct. App. 2000). "While no one talismanic fact will justify with impunity piercing the corporate veil, a careful review of the entire relationship between various corporate entities, their directors and officers may reveal that such an equitable action is warranted." *Stacey-Rand, Inc. v. J.J. Holman, Inc.*, 527 N.E.2d 726, 728 (Ind. Ct. App. 1988), *reh'g denied*.

Beyers contends that Consolidated was the "alter ego" of Liberty, and thus Liberty can be held liable for the actions taken by Consolidated. (Filing No. 82 at 3.) In determining whether to pierce the corporate veil Indiana courts consider eight factors: (1) undercapitalization; (2) absence of corporate records; (3) fraudulent representation by corporate shareholders or directors; (4) use of the corporation to promote fraud, injustice or illegal activities; (5) payment by the corporation of individual obligations; (6) commingling of assets and affairs; (7) failure to observe required corporate formalities; or (8) other shareholder acts or conduct ignoring, controlling, or manipulating the corporate form. *Oliver v. Pinnacle Homes, Inc.*, 769 N.E.2d 1188, 1192 (Ind. Ct. App. 2002). In cases such as this one, where the plaintiff seeks to hold the defendant corporation liable for the debts of a closely related corporation, courts may consider four additional factors: (1) whether similar corporate names were used; (2) the corporations shared common corporate officers, directors, and employees; (3) the business purposes of the corporations were similar; and (4) the corporations were located in the same offices and used the same telephone numbers and business cards. *Id.*

> The Second Amended Complaint alleges:
>
> 5. Defendant, Consolidated Insurance Company, is a wholly owned subsidiary of Defendants, Liberty Mutual Agency Corporation.
>
> 6. Consolidated Insurance Company is a mere instrumentality and alter ego of Liberty Mutual Agency Corporation in that: there is common ownership of stock;

6

> common officers and directors; a common marketing image; common use of the trademark/logos and service marks; common use of employees; an integrated sales system; and interchange of managerial and supervisory personnel.
>
> 7. Upon information and belief, Plaintiff contends that Defendants participate in an insurance pooling arrangement by which premiums, losses, and underwriting expenses are shared by the pool participants.
>
> 8. Upon information and belief, Plaintiff contends that during all times material hereto, Liberty Mutual Agency Corporation supervised, directed, and controlled the activities of Consolidated Insurance Company, including formulation of guidelines and policies for handling, adjustment and payment of claims.

(Filing No. 74 at 2.) These allegations invoke many of the factors Indiana courts look at when determining whether to pierce the corporate veil—specifically the four factors used to examine "closely related corporations."

Indiana courts look to whether the corporations used similar names, and Beyers alleges Consolidated and Liberty used the same marketing images and logos. Another factor is whether the corporations shared officers, directors, and employees, and the Second Amended Complaint clearly alleges that the Defendants have "common officers and directors," "common use of employees," and " interchange of managerial and supervisory personnel." *Id.* Indiana courts ask whether the purposes of the two corporations are similar. Beyers' alleges that not only are the Defendants both engaged in providing homeowners insurance, but that they "participate in an insurance pooling arrangement by which premiums, losses, and underwriting expenses are shared by the pool participants." *Id.* These allegations, if proved, would allow the Court to pierce the corporate veil and hold Liberty liable for the actions of Consolidated under Indiana law.

Defendants argue that Beyers "does not plead a single fact asserting that [Liberty's] alleged use of Consolidated as its alter ego resulted in fraud or caused him injustice." (Filing No. 77 at 7.) They contend that fraud or injustice is required to pierce the corporate veil under Indiana law. Defendants argue that the relationship between Liberty and Consolidated is irrelevant to Beyers'

breach of contract claim, and that Beyers can obtain his remedy from Consolidated alone if he is able to prove his claim.

The Court disagrees. Beyers' does not merely allege that Consolidated and Liberty had an improper relationship; he alleges, in essence, that Consolidated only existed on paper. As recounted above, Consolidated used Liberty employees and held itself out as Liberty by using Liberty's branding on its policy. The insurance policy itself has Liberty's name and logo printed on every page and instructs the policyholder to call a Liberty telephone number if he has questions about his policy. ([Filing No. 28-2](#).) When Beyers filed his initial claim on the policy, a Liberty employee conducted the property inspection. ([Filing No. 74 at 4](#).) When he received an estimate on the claim, it was from someone with a Liberty e-mail address. ([Filing No. 28-1](#).) Beyers alleges that Consolidated is a corporate fiction—all of its employees were Liberty employees, all of its decisions were made by Liberty, and it held itself out as Liberty by using Liberty branding and offices. These allegations are sufficient to state a claim that Consolidated was the alter ego or the instrumentality of Liberty and that the scheme resulted in fraud or injustice.

Defendants' second argument to dismiss—that Beyers' allegations are conclusory and insufficient to show that the corporate form was ignored or manipulated—is also unpersuasive. As the Court said above, the allegations in the Second Amended Complaint intertwine directly with several of the factors Indiana courts use to determine whether to pierce the corporate veil. Many of the allegations are supported by the limited evidence in the record already, namely, the insurance policy itself and the estimate Liberty provided on Beyers' claim. And to the extent the allegations are unsupported, it is likely because discovery is necessary to determine the true relationship between Consolidated and Liberty.

For those reasons, the Defendants' Motion to Dismiss the Second Amended Complaint as to Liberty is **denied**. The Second Amended Complaint sufficiently alleges that the Defendants misused the corporate form and that the misuse resulted in the damages claimed by Beyers and his proposed classes.

## IV. CONCLUSION

Liberty's Motion to Dismiss the Amended Complaint, ([Filing No. 33](#).) is **DENIED** as moot. The Defendants' Motion to Dismiss the Second Amended Complaint as to Liberty, ([Filing No. 76](#)), is **DENIED**. Whether the claim against Liberty can survive a summary judgment motion is a question for another day. For now, Beyers' breach of contract claim remains for trial against both Consolidated Insurance Company and Liberty Mutual Agency Corp.

**SO ORDERED.**

Date: 5/19/2020

*/s/ Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Syed Ali Saeed
SAEED & LITTLE LLP
ali@sllawfirm.com

Dennis F. Cantrell
KATZ KORIN CUNNINGHAM, P.C.
dcantrell@kkclegal.com

Mark Allen Johnson
BAKER & HOSTETLER LLP
mjohnson@bakerlaw.com

Marissa A. Peirsol
BAKER & HOSTETLER LLP
mpeirsol@bakerlaw.com

9